UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

| | |
|---|---|
| Matthew Vinez<br>718 Hoyt Ave. E<br>St. Paul, MN 55106<br><br>    Plaintiff,<br><br>v.<br><br>Valentine & Kebartas, Inc.<br>15 Union Street<br>Lawrence, MA 01840<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around mid April 2010, Defendant telephoned Plaintiff's girlfriend's mother ("Nancy").

8. During this communication, Nancy notified Defendant that Plaintiff did not live with Nancy and that Defendant could not reach Plaintiff at Nancy's residence.

9. During this communication, Nancy requested that Defendant stop calling Nancy.

10. Despite this notice, Defendant telephoned Nancy numerous times thereafter.

11. On or around April 27, 2010, Plaintiff telephoned Defendant.

12. During this communication, Plaintiff provided Defendant with Plaintiff's location information.

13. Despite having Plaintiff's location information, Defendant continued to telephone Nancy.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## **JURY DEMAND**

22. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ James Agosto*
    James Agosto (Bar No, 388438)
    1970 Oakcrest Avenue, Suite 210
    Roseville, MN 55113
    Tel: 866-339-1156
    Fax: 651-735-9285
    jxa@legalhelpers.com
    *Attorneys for Plaintiff*